IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILMA SUE McGAHA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC. and COCKE COUNTY HMA, LLC d/b/a NEWPORT MEDICAL CENTER<br><br>Defendants. | Case No. _____<br><br>JURY DEMANDED<br><br>Class and Collective Action |

## ORIGINAL COLLECTIVE ACTION/CLASS ACTION COMPLAINT

Plaintiff Wilma Sue McGaha and the Opt-in Plaintiffs (together, "Plaintiffs") bring this action individually and on behalf of all current and former Care Providers[1] (hereinafter "Plaintiffs and the Putative Class Members") who worked for Community Health Systems, Inc. ("CHS") and Cocke County HMA, LLC d/b/a Newport Medical Center ("Newport Medical Center") (collectively, "Defendants"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b), and Tennessee common law.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Tennessee state law claim is asserted as a class action under Federal Rule of

---

[1] "Care Providers" are defined as hourly employees who provided direct patient care to Defendants' clients/patients and who were subject to an automatic meal break deduction at any time during the relevant statues of limitations.

Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff McGaha's own conduct and are made on information and belief as to the acts of others.

## I. OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of Tennessee, and FED. R. CIV. P. 23, to recover unpaid straight-time wages and other applicable penalties.

2. Plaintiffs and the Putative Class Members are those persons who worked for Defendants as Care Providers and were responsible for assisting patients and doctors in Defendants' facility known as Newport Medical Center, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period(s), Defendants knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

5. Specifically, Defendants' regular practice—including during weeks when Plaintiffs and the Putative Class Members worked more than 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their meal-period breaks.

6. The effect of Defendants' practices were (and are) that all time worked by Plaintiffs

and the Putative Class Members was not (and is not) counted and paid; thus, Defendants have failed to properly compensate Plaintiffs and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiffs and the Putative Class Members' overtime under the FLSA and Tennessee state law.

7. Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Tennessee common law.

8. Plaintiffs seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs and Putative Class Members seek to recover all unpaid straight-time and other damages owed under Tennessee common law as a class action pursuant to Federal Rule of Civil Procedure 23.

9. FLSA notice was previously sent to the Plaintiffs in this case pursuant to court order. *See Wells v. Community Health Systems, Inc., et al.*, Case No. 3:21-cv-00865, ECF No. 50 (M.D. Tenn. Sept. 22, 2022) (Crenshaw, C.J.). As a result of that FLSA notice, the Opt-in Plaintiffs joined the collective action and are now party plaintiffs in the lawsuit pursuant to 29 U.S.C. § 216(b). Plaintiffs pray that these Opt-in Plaintiffs be deemed similarly situated worked under 29 U.S.C. § 216(b) and be permitted to litigate their FLSA claims as a collective action.

10. Plaintiffs also pray that the Rule 23 class is certified as defined herein, and that Plaintiff McGaha (and/or any other suitable class representative) be named as the Class Representative for the Tennessee Class.

## II. THE PARTIES

11. Plaintiff Wilma Sue McGaha was employed by Defendants during the relevant time period. Plaintiff McGaha did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked over forty (40) hours each workweek.[2]

---

[2] Plaintiff McGaha's written consent was previously filed on November 15, 2022, at *Wells v.*

12. The Opt-in Plaintiffs are those current and former Care Providers who worked for Defendants at the Newport Medical Center, at any time from November 17, 2018 through final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff McGaha worked and was paid.

13. The Putative Class Members are those current and former Care Providers who worked for Defendants at the Newport Medical Center in Tennessee, at any time from November 17, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

14. Community Health Systems, Inc. ("CHS") is a foreign for-profit corporation, licensed to and doing business in the state of Tennessee. CHS is headquartered in Franklin, Tennessee. CHS has been served and appeared herein, and may be served with process through its counsel of record.

15. Cocke County HMA, LLC d/b/a Newport Medical Center is a domestic for-profit corporation, licensed to and doing business in the state of Tennessee. Cocke County HMA, LLC d/b/a Newport Medical Center is headquartered in Franklin, Tennessee. The ultimate parent of Cocke County HMA, LLC d/b/a Newport Medical Center, through a number of affiliated entities, is Defendant CHS. Cocke County HMA, LLC d/b/a Newport Medical Center has been served and appeared herein, and may be served with process through its counsel of record.

16. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiffs and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Tennessee state law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

---

*Community Health Systems, Inc., et al.*, Case No. 3:21-cv-00865, ECF No. 73.

### III. JURISDICTION & VENUE

17. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

18. This Court has supplemental jurisdiction over the additional Tennessee state law claims pursuant to 28 U.S.C. § 1367.

19. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District and Division.

20. Venue is proper in the Eastern District of Tennessee because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Defendants own, manage, and/or operate Newport Medical Center in Newport, Tennessee, which is located within the Eastern District of Tennessee.

22. Venue is therefore proper in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b).

### IV. ADDITIONAL FACTS

23. Defendants are a unified health care system operating the Newport Medical Center under the assumed name of Tennova Healthcare.[3]

24. To provide their services, Defendants employed (and continue to employ) numerous workers—including Plaintiffs and the individuals that make up the putative or potential class.

25. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the Newport Medical Center.

26. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

27. Defendants are integrated companies that share customers, properties, employees, and

---

[3] https://www.tennova.com/hospital-about-us (last visited Jan. 2, 2024); https://www.tennovanewport.com/hospital-about-us (last visited Jan. 2, 2024).

all other assets.

28. Defendant CHS is the ultimate legal parent of Newport Medical Center.

29. Defendant CHS has the power to hire and fire any and all of the employees at Newport Medical Center.

30. Defendant CHS supervises and controls the employees' work schedules and conditions of employment at Newport Medical Center.

31. Defendant CHS determines the rates and method of payment for all employees at Newport Medical Center.

32. Defendant CHS maintains employment records for the direct employees at Newport Medical Center.

33. Specifically, CHS controls the HR Department which maintains all the employment records for the employees at Newport Medical Center.

34. Defendant CHS manages key internal relationships within Newport Medical Center—that is, Defendant CHS directs the financials at Newport Medical Center and controls the pay, hours, and schedules of Plaintiffs and the Putative Class Members.

35. Moreover, Defendants CHS and Newport Medical Center have (or had) the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine the rates and method of payment; and jointly maintain their employment records.

36. As a result, Defendants are responsible, both individually and jointly, for compliance with all the applicable provisions of the FLSA and Tennessee state law with respect to the entire employment for the workweeks at issue in this case.

37. Plaintiff McGaha was employed by Defendants in Newport, Tennessee at Newport Medical Center from approximately September 2018 to November 2021.

38. Plaintiffs and the Putative Class Members are (or were) Care Providers employed by Defendants at Newport Medical Center during the relevant time period preceding the filing of this Complaint and/or preceding the filing of their written consents to join this action through the final disposition of this matter.

39. Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Class Members.

40. Moreover, Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA and Tennessee state law violations.

41. Plaintiffs and the Putative Class Members are non-exempt Care Providers who were (and are) paid by the hour,

42. Plaintiffs and the Putative Class Members typically worked approximately thirty-six (36) to forty (40) "on-the-clock" hours per week.

43. In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

**Unpaid Lunch Breaks**

44. Defendants have a policy that Care Providers, such as Plaintiffs and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from their hours worked.

45. Defendants were (and continue to be) aware that Plaintiffs and the Putative Class Members regularly worked (and continue to work) through their 30-minute periods without pay in violation of the FLSA and Tennessee common law.

46. Specifically, Defendants require Care Providers to care for patients whenever patients buzz them through the Defendants' pager system, but the Defendants do not provide the Care Providers with any patient duty relief at any point during their workday.

47. As a result, Care Providers are rarely able to take a full, undisturbed thirty (30) minute meal break during their shift because of constant patient care duties.

48. When calculating Plaintiffs hours each pay period, Defendants deducted (and continue to deduct) thirty minutes from Plaintiffs' daily on-the-clock hours in violation of the FLSA.

49. In other words, for each 3-day workweek, Defendants deducted (and continue to deduct) a minimum of 1.5 hours from each workweek's total "on-the-clock" hours. For a 5-day workweek, Defendants deducted (and continue to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours.

50. Defendants' systematic deduction of the 30-minute meal period from Plaintiffs and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiffs and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Tennessee common law.

51. Defendants' systematic deduction of the 30-minute meal period from actual hours worked at or below forty (40) hours per workweek and actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiffs and the Putative Class Members of the required and proper amount of straight time pay and overtime pay in violation of the FLSA and Tennessee common law.

52. Defendants knew or should have known that they were (and are) miscalculating Plaintiffs and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiffs and the Putative Class Members in violation of the FLSA.

-8-
Case 3:24-cv-00130   Document 1   Filed 02/02/24   Page 8 of 18 PageID #: 8

53. Defendants knew or should have known that their failure to pay the correct amount of straight time and overtime to Plaintiffs and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Class Members.

54. Defendants knew or should have known that causing and/or requiring Plaintiffs and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Class Members.

55. Because Defendants did not pay Plaintiffs time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violate the FLSA.

56. Because Defendants did not pay Plaintiffs and the Putative Class Members for all straight-time hours worked, Defendants' pay policies and practices also violate Tennessee common law.

## V. CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA Coverage.**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. The Opt-in Plaintiffs are defined *supra* at Paragraph 12.

59. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

60. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

61. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling,

or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

62. Specifically, Defendants operate the Newport Medical Center hospital, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

63. During the respective periods of Plaintiff McGaha's and Opt-in Plaintiffs' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

64. In performing the operations described hereinabove, Plaintiff McGaha and the Opt-in Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

65. Specifically, Plaintiff McGaha and the Opt-in Plaintiffs are (or were) non-exempt Care Providers who assisted Defendants' customers and employees. 29 U.S.C. § 203(j).

66. At all times hereinafter mentioned, Plaintiff McGaha and the Opt-in Plaintiffs are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

67. The proposed collective consists of the Opt-in Plaintiffs as defined *supra* at Paragraph 12.

**B.     Failure to Pay Wages and Overtime Under the FLSA.**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

70. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

71. Defendants knew or should have known their pay practices were in violation of the FLSA.

72. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA

73. Plaintiff McGaha and Opt-in Plaintiffs, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

74. The decision and practice by Defendants to not pay Plaintiff McGaha and the Opt-in Plaintiffs overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

75. Accordingly, Plaintiff McGaha and Opt-in Plaintiffs are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     Collective Action Allegations.**

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed by Plaintiff McGaha and the Opt-in Plaintiffs.

78. Plaintiff McGaha and Opt-in Plaintiffs are similarly situated with regard to the work they performed and the manner in which they were paid.

79. Plaintiff McGaha and the Opt-in Plaintiffs have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

80. Defendants' failure to pay Plaintiff McGaha and Opt-in Plaintiffs overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff McGaha or the Opt-in Plaintiffs.

81. Defendants' common policy/plan of requiring Plaintiff McGaha and Opt-in Plaintiffs to suffer automatic meal period deductions while requiring those workers to remain on-duty, attentive, interruptible, and/or responsive to the needs of their assigned patients affected Plaintiff McGaha and Opt-in Plaintiffs in a similar fashion.

82. Thus, Plaintiff McGaha's experiences are typical of the experiences of the Opt-in Plaintiffs.

83. The specific job titles or precise job requirements of the various Plaintiffs do not prevent collective treatment.

84. Plaintiff McGaha and Opt-in Plaintiffs all have the same primary job duty in that they are all Care Givers.

85. Plaintiff McGaha and Opt-in Plaintiffs' direct patient care duties necessarily require them to remain on-duty, responsive, and attentive to the needs of their assigned patients throughout their shifts, including during their unpaid meal periods.

86. Plaintiff McGaha and Opt-in Plaintiffs were subject to the same possibility of break

interruption regardless of their specific job title, supervisors, or unit/department worked due to their primary job duties of providing direct patient care to Defendants' customers/patients.

87. Plaintiff McGaha and Opt-in Plaintiffs are required to abide by and adhere to Defendants' common human resources policies, Code of Conduct, and other rules and guidelines in place at Newport Medical Center.

88. Defendants' potential defenses to Plaintiff McGaha's and the Opt-in Plaintiffs' FLSA claims—here, that they were required to remain on-duty during unpaid meal periods—will not be substantially different from plaintiff-to-plaintiff.

89. Plaintiff McGaha and the Opt-in Plaintiffs—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

90. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

91. Absent a collective action, many Opt-in Plaintiffs will not likely obtain redress of their injuries and Defendants will retain the proceeds of their violations.

92. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the Opt-in Plaintiffs' FLSA claims, prevent inconsistent rulings on similar legal issues, and provide for judicial consistency.

93. Accordingly, the Court should permit Plaintiff McGaha and the Opt-in Plaintiffs to litigate their FLSA claims as a collective action at trial.

## COUNT TWO
### (Class Action Alleging Violations of Tennessee Common Law)

**A.  Violations of Tennessee Common Law.**

94. All previous paragraphs are incorporated as though fully set forth herein.

95. Plaintiff McGaha (as well as any other qualified class representative) further brings this action pursuant to the equitable theory of *quantum meruit*. *See Cannon v. Citicorp Credit Servs., Inc. (USA)*, No. 2:12-CV-88, 2014 WL 1267279, at *5 (E.D. Tenn. Mar. 26, 2014); *Carter v. Jackson-Madison Cty. Hosp. Dist.*, No. 110CV01155JDBEGB, 2011 WL 13238697, at *4 (W.D. Tenn. Dec. 13, 2011) (citing *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524–25 (Tenn. 2005); *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998); *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154 (Tenn. 1966)).

96. The proposed Rule 23 class is defined as:

> **All care providers who worked for Defendants at the Newport Medical Center at any time from November 17, 2015 through the final disposition of this matter, and were subject to an automatic meal-break deduction ("Putative Class Members").**

97. Plaintiffs and the Putative Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants.

98. These claims are independent of Plaintiffs' claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Cannon*, 2014 WL 1267279, at *5 (citing *Woodall v. DSI Renal, Inc.*, No. 11-2590, 2012 WL 1038626, at *3-6 (W.D. Tenn. Mar. 27, 2012); *Carter*, 2011 WL 1256625, at *11.

99. Plaintiffs and Putative Class Members provided valuable services for Defendants, at Defendants' direction, and with Defendants' acquiescence.

100. Plaintiffs and Putative Class Members conferred a valuable benefit on Defendants because they provided services to Defendants while not on the clock—during their respective meal breaks—without compensation.

101. Defendants accepted Plaintiffs' and Putative Class Members' services and benefited from their timely dedication to Defendants' policies and adherence to Defendants' schedule.

102. Defendants were aware that Plaintiffs and Putative Class Members expected to be

compensated for the services they provided Defendants.

103. Defendants have therefore benefited from services rendered by Plaintiffs and Putative Class Members, and it is inequitable for Defendants to retain the benefit of Plaintiffs' and Putative Class Members' services without paying fair value for them.

104. Plaintiffs and Putative Class Members are thus entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.     Rule 23 Class Action Allegations.**

105. All previous paragraphs are incorporated as though fully set forth herein.

106. Plaintiffs bring the Tennessee state law claims as a class action pursuant to FED. R. CIV. P. 23 on behalf of all similarly situated individuals employed by Defendants at the Newport Medical Center at any time since November 16, 2015. *See* TENN. CODE ANN. § 28-3-109(3).

107. Class action treatment of Plaintiffs' Tennessee state law claim is appropriate because, as alleged herein, all of Rule 23's class action requisites are satisfied.

108. There are at least 100 potential Rule 23 class members. As such, the number of potential class members is so numerous that joinder of all class members is impracticable.

109. Plaintiff McGaha is a member of the Putative Class, her claims are typical of the claims of other Putative Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the Putative Class Members.

110. Any number of Opt-in Plaintiffs would also be adequate class representatives in that they are also members of the Putative Class, their claims are typical of the claims of other Putative Class Members, and they do not have interests that are antagonistic to or in conflict with the interests of the Putative Class Members.

111. Plaintiffs and their counsel will fairly and adequately represent the Putative Class Members and their interests.

112. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

113. Accordingly, the Putative Class should be certified pursuant to Rule 23.

## VI. RELIEF SOUGHT

114. Plaintiffs respectfully pray for judgment against Defendants as follows:

    a. For an Order certifying the FLSA Collective with finality and permitting the Plaintiffs to litigate their FLSA claims as a collective at trial;

    b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    c. For an Order certifying the Tennessee state law claims as a class action and designating Plaintiff McGaha (and/or any other potential class representative) as the Class representative;

    d. For an Order pursuant to Tennessee law awarding Plaintiffs and Putative Class Members all straight time/gap time damages allowed by law;

    e. For an Order awarding the costs of this Action;

    f. For an Order awarding attorneys' fees;

    g. For an Order awarding pre-judgment and post-judgment interests at the highest rates allowed by law;

    h. For an Order awarding Plaintiff McGaha (and/or any other class representative) a service award as permitted by law;

    i. For an Order compelling the accounting of the books and records of Defendants; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: January 23, 2024

Respectfully submitted,

By: /s/ Andrew W. Dunlap
**Michael A. Josephson**, *pro hac vice*
**Andrew W. Dunlap**, *pro hac vice*
**William M. Hogg**, *pro hac vice*
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Facsimile: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

**Clif Alexander**, *pro hac vice*
**Austin Anderson**, *pro hac vice*
**Blayne E. Fisher**, *pro hac vice*
**Lauren Braddy**, *pro hac vice*
ANDERSON ALEXANDER PLLC
819 N. Shoreline Blvd., 6th Floor
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
clif@a2xlaw.com
austin@a2xlaw.com
blayne@a2xlaw.com
lauren@a2xlaw.com

**Melody Fowler-Green** (BPR No. 023266)
**N. Chase Teeples** (BPR No. 032400)
YEZBAK LAW OFFICES PLLC
P.O. Box 159033
Nashville, Tennessee 37215
Telephone: (615) 250-2000
Facsimile: (615) 250-2020
mel@yezbaklaw.com
teeples@yezbaklaw.com

**ATTORNEYS FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**

# CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, a true and correct copy of Plaintiff McGaha's Original Collective Action/Class Action Complaint was served via the Court's CM/ECF electronic case filing systems to the following Parties in accordance with FED. R. CIV. P. 5(b)(E):

> Charles J. Mataya
> John P. Rodgers
> Matthew C. Lonergan
> J. Craig Oliver
> BRADLEY ARANT BOULT CUMMINGS LLP
> ONE 22 ONE
> 1221 Broadway, Suite 2400
> Nashville, Tennessee 37203
> Tel: (615) 244-2582
> Email:  cmataya@bradley.com
>   jrodgers@bradley.com
>   mlonergan@bradley.com
>   coliver@bradley.com

*Counsel for Defendants*

/s/ Andrew W. Dunlap
**Andrew W. Dunlap**